CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 31, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

United States of America, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:25-cv-00064
)
Slobodan Letič, )
)
Defendant. )

**SUPERSEDING SCHEDULING ORDER**

**Deadlines[1]**

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(f) Conference | 14 days from this order |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | 30 days from this order |
| Plaintiff's Initial Expert Disclosure | 80 days from this order |
| Defendant's Initial Expert Disclosure | 110 days from this order |
| Midstream Status Report | 120 days from this order |
| Deadline to Complete Discovery | May 3, 2027 |
| Status Conference (virtual) | Approx. 7 days after deadline to complete discovery |
| Deadline to File Dispositive Motions | June 17, 2027 |

**Discovery**

1. Unless the parties stipulate otherwise, they must meet and confer and develop a discovery plan as required by Federal Rule of Civil Procedure 26(f) and make initial disclosures as required under Rule 26(a)(1) and within the deadlines set forth in this order.

2. The court proposes the above deadlines as a pretrial order pursuant to Federal Rule of

[1] If the parties have already completed any of these tasks based on the earlier deadlines in the initial scheduling order, (Dkt. 6), then the deadlines imposed in this superseding scheduling order for those completed tasks do not apply.

Civil Procedure 16(b). The court may amend this order on its own motion, or the parties may request its amendment in accordance with an agreed and filed Rule 26(f) written discovery plan within **14** days from the date of this order. Absent the court's express order otherwise, this Scheduling Order shall remain the controlling order for all discovery deadlines.[2]

3. All discovery must be completed by May 3, 2027. This schedule requires that the parties serve all written discovery with enough time to allow the responding party to respond on or before the deadline to complete discovery.

4. Pending dispositive motions, including motions to dismiss under Federal Rule of Civil Procedure 12, do not automatically stay discovery. If a party wishes to stay discovery, it must file a joint motion so requesting or file a motion showing good cause under Federal Rule of Civil Procedure 26(c).

5. **The deadlines in this scheduling order are firm**. Extensions or continuances of the dates specified in this order—including the deadline to complete discovery—will not be granted except by written motion, filed before the deadline, supported by an affidavit showing good cause, and with the judge's consent. Good cause shall not include belated settlement negotiations, failure to initiate discovery in a timely manner despite foreseeable issues or delays, and any other failure resulting from lack of diligence.

6. Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties **must** file, the parties shall not file discovery and disclosure materials unless they are

[2] If this case proceeds to trial, the court will contact the parties to schedule a trial date and will issue a separate Trial Order outlining the remaining deadlines, pretrial procedures, and the date of the final pretrial conference.

relevant to the court's determination of a motion.

**Expert Witnesses**

7. Expert witnesses who are retained or specially employed to provide expert testimony in this case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree, or the court otherwise directs, the plaintiff must disclose the written report of each expert no later than **80** days from the date of this order, and the defendant must disclose the written report of each expert no later than **110** days from the date of this order.

8. With respect to expert witnesses who are not retained or specially employed to provide expert testimony (such as a treating physician) or other persons who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) no later than **80** days from the date of this order. The defendant must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) no later than **110** days from the date of this order.

9. All expert disclosures must be submitted in sufficient time such that discovery can be completed reasonably before the discovery cutoff date without undue duplication and expense.

10. Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

**Motions**

11. A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

12. If an opposed motion has been filed before the entry of this order without legal argument to support it, the movant must file a supporting brief within **14** days of the date of this order or the court will deny the motion without prejudice.

13. If a party opposes a motion, the nonmovant must file a brief in opposition within **14** days of the date of service of the movant's brief (or within **14** days of this order if the moving party served a motion and supporting brief before the entry of this order). Except for good cause shown, if the nonmovant does not timely file an opposition brief, the court will consider the motion to be unopposed.

14. If the moving party desires to submit a reply brief, it must do so within **7** days of the date of service of the opposition brief.

15. Parties may not file surreply briefs without prior leave of court.

16. Pursuant to the United States District Court for the Western District of Virginia's Civil Local Rule 56, "[a]ny motion for summary judgment or any other dispositive motion must contain a separately captioned section setting forth with specificity the material facts claimed to be undisputed together with specific record citations in support thereof." This section must be included in the body of the memorandum in support or opposition of the motion and does not alter the court's standard page limits.

17. Exclusive of any accompanying exhibits, memoranda of law in support of and in opposition to motions may not exceed 25 pages (and reply memoranda are limited to 15

pages) in length using one-inch margins, double-spaced lines, and at least 12-point font, unless the filing party first obtains leave of court after showing good cause why a longer brief is necessary. Sur-reply memoranda are not allowed unless specifically permitted by the court in extraordinary situations for good cause. Any memorandum that requires a section setting forth undisputed material facts must still comply with this page limit. Any motions or briefs that do not comply with the rules set out in this Order may be struck.

18. If a party has a video or audio file that they would like to attach to a filing, the submitting party should reach out to Judge Yoon's Courtroom Deputy (Desiree_Audia@vawd.uscourts.gov) for instructions. The court will not accept USB flash drives or other physical devices for transmission of these files.

19. When a dispositive motion, together with its supporting brief and exhibits, consists of more than 50 pages, the filing party must send a courtesy paper copy of the documents to the following address:

> United States District Court for the Western District of Virginia
> Attention: Judge Yoon's Chambers
> 255 W. Main Street, Suite 304
> Charlottesville, Virginia 22902

Additionally, if a party cites a deposition in any filing for a dispositive motion, the party must, regardless of the length of the entire filing, send a courtesy paper copy of the cited deposition transcript to the above address. Any audio or video exhibits must be submitted to the court electronically, and any party submitting such evidence must obtain a link to upload the files from Judge Yoon's Courtroom Deputy within **2** days of filing a motion or brief that relies on such evidence.

20. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory

provisions of the United States District Court for the Western District of Virginia's General Local Rule 9. The requirements of Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

21. All nondispositive pretrial motions and issues are hereby referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). Prior to filing any discovery motions, the parties are directed to contact Judge Hoppe's chambers by email in an effort to resolve the issue. The parties shall contact Judge Hoppe's chambers by email at hoppe.ecf@vawd.uscourts.gov, copying counsel of record and any pro se parties. The court, in its discretion, may also refer dispositive motions to Judge Hoppe pursuant to 28 U.S.C. § 636(b)(1)(B).

22. If the court determines that a hearing on the filed motion may be necessary, it will contact the parties to schedule a hearing. In all other cases, motions will be decided on the briefs.

23. The court may act upon nondispositive motions, including motions for enlargement of time, whether or not opposed, at any time without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification.

24. Proposed orders filed through CM/ECF during the course of litigation should also be sent separately in Word format by email to yoon.ecf@vawd.uscourts.gov.

**<u>Generative Artificial Intelligence: Disclosure and Certification Requirements</u>**

25. Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, the court directs that any party, whether appearing *pro se* or through counsel, who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents to be filed with the court, must disclose in the document that a generative

AI tool was used and the specific AI tool that was used. The *pro se* party or attorney must further certify in the document that the person has independently verified and checked the accuracy of any portion of the document drafted by generative AI, including all citations to legal authority and the proposition for which such citations are offered.

26. If generative AI is utilized in the preparation of any documents filed with the court, the *pro se* party or attorney will be held responsible for the contents thereof, in accordance with Rule 11 and applicable rules of professional conduct and/or attorney discipline. This AI certification rule does not apply to information gathered using artificial intelligence embedded in legal research sources like Westlaw, LexisNexis, FastCase and Bloomberg. Nevertheless, parties are expected to comply with Rule 11 requirements for *all* filings and verify the accuracy of the information therein.

27. The failure to make the disclosure and certification described in Paragraph 25 may result in the imposition of sanctions.

**Amendment of Pleadings and Joinder of Parties**

28. Except for good cause shown, any motion to amend the pleadings or join additional parties must be filed no later than **45** days from the date of this order.

**Status Report**

29. The parties are directed to file a joint status report on the docket **120** days from the date of this order. The report should advise the court on the parties' progress in discovery, any obstacles to completing discovery, potential for case resolution, and any other anticipated issues. The status report should be filed via CM/ECF.

**Status Conference**

30. The court will hold a status conference approximately **7** days after the close of discovery. Judge Yoon's Courtroom Deputy (Desiree_Audia@vawd.uscourts.gov) will contact the parties shortly before the end of discovery to schedule the status conference. A Zoom link will be provided to the parties ahead of the status conference. At the status conference, the parties should advise the court on their anticipated dispositive motions and the status of any settlement negotiations.

**Mediation**

31. The court encourages the parties to engage in settlement discussions. The case may be referred for mediation at the request of either party, or on the court's own motion. Mediation of the case shall proceed independently of all other pretrial development and shall not modify or stay the scheduling provision of any pretrial order, except upon demonstration of exceptional cause. *See* W.D. Va. Civ. R. 83.

**Settlement**

32. The parties should notify the court promptly if this case is settled. Any notice of voluntary dismissal *must* be filed by the plaintiff. *See* Fed. R. Civ. P. 41. If the court does not receive a notice of voluntary dismissal within **30** days of notice of the settlement, the court may dismiss the case without prejudice without further notice.

**IT IS SO ORDERED.**

**ENTERED** this 31st day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE