CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 18, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SLOBODAN LETIC,

Defendant.

Case No. 3:25-cv-00064-JHY-JCH

**STIPULATED AGREEMENT REGARDING**
**CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER**

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

During discovery, a party may request material (through interrogatories, requests for production of documents, or other process) that is protected from disclosure by the Privacy Act of 1974, see 5 U.S.C. § 552a, or that is personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2. In order to permit the parties to discover information that is both relevant to the claims or defenses of either party and is proportional to the needs of the case, without potentially undermining the legislative purposes underlying the Privacy Act (including the unnecessary sacrifice of privacy interests), the parties agree that the following procedures shall

be followed with respect to the information to be produced pursuant to the parties' discovery request:

1. Confidential Information will be provided for review by the parties or their counsel in strict confidence. Right of access to this material shall be limited to the parties, counsel for the parties, expert witnesses in their employ, witnesses with a need to examine such materials, paralegals, qualified persons taking testimony involving such material and necessary stenographic and clerical personnel, and any other person mutually authorized by all counsel to examine such materials. Any person having access to this material shall be informed that it is confidential and subject to a non-disclosure order by this Court.
2. In order to facilitate further exchanges of material, by letter between counsel, the parties may agree to designate other information or material as being subject to this Order.
3. Documents produced in discovery by the Parties containing such information subject to this Order shall be designated as containing "Confidential Information." For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL" on each page of the document asserted to contain Confidential Information.
4. A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall use and disclose such Confidential Information only in accordance with the terms of this Protective Order.
5. If such information is filed with the Court in connection with motions or other matters in this case, or otherwise utilized at deposition or trial, the parties will endeavor to protect identifying information and other private information. This will include, at a minimum,

redacting all dates of birth and other numerical identifying characteristic. These efforts may also include referring to individuals in a generic manner. The Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

6. Unless the Producing Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.

7. In the event that any material subject to this Order is used in any court proceeding, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

8. This order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

9. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

10. The inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing

disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

11. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, and; (c) within five calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

12. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

DATED: September 17, 2026

Joel C. Hoppe
JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

Dated: September 15, 2026

*/s/ J. Lloyd Snook, III*
J. LLOYD SNOOK, III
VSB No. 19230
Snook & Haughey, P.C.
408 East Market Street, Suite 107
P.O. Box 2486
Charlottesville, VA 22902
(434) 293-8185
(434) 295-0698 (fax)
jlsnook@snookandhaughey.com

*Counsel for Defendant*

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JENNIFER J. KEENEY
Associate Director
Office of Immigration Litigation

JOHN INKELES
Chief
Denaturalization Unit

*/s/ Christopher T. Lyerla*
CHRISTOPHER T. LYERLA
Texas Bar No. 24070189
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-3967
E-mail: christopher.t.lyerla@usdoj.gov

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
VSB No. 89088
Assistant United States Attorney
Western District of Virginia
Post Office Box 1709
Roanoke, Virginia 24008-1709
Telephone: (540) 857-2250
Email: krista.frith@usdoj.gov

*Counsel for Plaintiff*